IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EDDIE CRENSHAW,

                Petitioner,                OPINION AND ORDER

v.

                                                 19-cv-355-wmc

MATTHEW MARSKE,

                Respondent.

Petitioner Eddie Crenshaw, a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks post-conviction relief under 28 U.S.C. § 2241. Specifically, Crenshaw seeks to challenge a decision by the Bureau of Prisons ("BOP") denying his request to credit the time he spent in state custody towards his federal sentence. More recently, Crenshaw filed a motion to amend his petition (dkt. #6), a proposed amended petition (dkt. #8) and a motion for counsel (dkt. #10). The court will grant Crenshaw's motion to amend and consider it for purposes of the court's preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which applies to petitions not brought under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. For the reasons explained below, since Crenshaw has not raised a plausible claim for relief, the court must deny his petition.

BACKGROUND

On November 2, 2015, Crenshaw was arrested by Minneapolis police officers for possessing a controlled substance, fleeing and possessing a firearm. Crenshaw claims that

1

primary jurisdiction over him was transferred to the United States government that day. However, publicly available records show that on October 13, 2015, a criminal proceeding had been filed against Crenshaw in Minnesota state court, charging him with burglary in violation of Minn. Stat. § 609.582.3. *State of Minnesota v. Crenshaw*, No. 27-cr-15-29169 (Hennepin Cty., filed Oct. 13, 2015), *available at* http://pa.courts.state.mn.us/CaseDetail.aspx?CaseID=1619354499 (last visited Mar. 10, 2020). Those records also show that Crenshaw appeared for a first appearance on November 5, 2015.

In contrast, Crenshaw was not charged in federal court with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) until January 5, 2016. *United States v. Crenshaw*, No. 0:16-cr-4-PJS-SER, dkt. #1 (D. Minn. Jan. 5, 2016). According to a letter from the BOP filed in his criminal proceeding, Crenshaw remained under the primary jurisdiction of Minnesota state authorities at that time while in federal custody under a writ of habeas corpus. *See id.*, dkt. #75. Following his entering into a guilty plea, Crenshaw was sentenced on March 31, 2017, to a term of 108 months' incarceration, to be followed by three years of supervised release. *Id.*, dkt. #58. At sentencing, United States District Judge Patrick Schlitz declined to comment on whether Crenshaw's sentence should be served concurrently with or consecutive to any state sentence that might subsequently be imposed for the same conduct.

After his sentencing in federal court, Crenshaw was returned to the physical custody of Minnesota state authorities subject to a U.S. District Court detainer. On June 7, 2017,

2

Crenshaw also pleaded guilty to the state court charge of third-degree battery and was immediately sentenced to 29 months' imprisonment. *See Crenshaw*, No. 27CR1529169, at http://pa.courts.state.mn.us/CaseDetail.aspx?CaseID=1619354499. At that time, Crenshaw claims that the state court judge stated his state sentence should run concurrently with his federal sentence, but the record of his sentence contains no such notation. Regardless, on July 13, 2017, Crenshaw was also sentenced in Minnesota state court to a 90-day term of imprisonment for trespass-occupy/enter dwelling/locked/posted, with both state sentences deemed satisfied, apparently based on his period of state custody to date. Accordingly, on July 17, 2017, Crenshaw was turned over to the U.S. Bureau of Prisons ("BOP") to begin serving his federal sentence consistent with the pending detainer.

However, Crenshaw soon discovered that the jail time spent in state custody before July 17, 2017, would not also be credited against his federal sentence. In response to Crenshaw's subsequent petition to have the state institution designated as his place for service of his federal sentence under 18 U.S.C. § 3621(b), the BOP reached out to Judge Schlitz to ask for clarification. Specifically, on December 27, 2018, the BOP sent a letter relaying Crenshaw's request to serve his state term of imprisonment concurrently with his federal term of imprisonment, and reporting that the record of Crenshaw's state court proceeding was silent as to whether his state sentence should run concurrently with or consecutive to his federal sentence. (Dkt. #75.) That same day, Judge Schlitz replied in writing that his intent when he imposed the sentence was for Crenshaw's federal sentence to run *consecutive* to his state sentences. (Dkt. #76.)

OPINION

Crenshaw's amended petition lists four grounds for relief, but boiled down amounts to two claims: (1) Crenshaw's federal sentence commenced before July 17, 2017, because this state charges were dismissed when the federal indictment was filed; and (2) the BOP abused its discretion by denying his request for retroactive designation of his state institution as a place to serve his federal sentence, particularly given the state court judge's expressed intent that Crenshaw's state sentences should be served concurrently with his federal sentence.

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the proper vehicle for challenges to the administration or computation of a sentence. *See Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) (citations omitted). Under 18 U.S.C. § 3585(b), the Bureau of Prisons *must* apply sentence credit for "any time [the defendant] has spent in official detention prior to the date the sentence commences" and "that has not been credited to another sentence." *Id.* However, "§ 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence." *See also United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000) *United States v. Walker*, 98 F.3d 944, 945 (7th Cir. 1996). Finally, the BOP "'has the authority to determine when to give a defendant credit against a sentence for time he has served.'" *Pope v. Perdue*, 889 F.3d 410, 417 (7th Cir. 2018) (quoting *United States v. Jones*, 34 F.3d 495, 499 (7th Cir. 1994)).

Here, Crenshaw seeks relief based on the Seventh Circuit's decision in *Pope v. Perdue*, 889 F.3d 410, arguing that his circumstances and claims are essentially the same as Pope's. To begin, like Crenshaw, Pope was initially arrested in February of 2008 by state authorities, then charged in both state and federal court based on the same events. *Id.* at 412. Pope was also transferred between state and federal court on a writ of habeas corpus ad prosequendum. On June 10, 2009, a federal court then sentenced Pope to 100 months' imprisonment on the federal offense, and on August 24, 2009, an Illinois state court sentenced Pope to five years' imprisonment on the state charge.

Unlike Crenshaw, however, on August 31, 2009, Pope was moved from an Illinois facility to a federal correctional center without the issuance of a new, federal writ. Then, on May 25, 2010 (268 days later), Pope was returned to a state facility, where he remained for the duration of his state sentence. On August 6, 2010, Illinois paroled Pope, only to be immediately turned over to federal authorities that day to complete service of his federal sentence. *Id.* at 413. At that point, the BOP apparently calculated Pope's start date for serving his federal sentence to be August 6, 2010, denying Pope's request that the BOP retroactively designate the Illinois prison where he served his state sentence as his place of imprisonment for service of his federal sentence as well. Nevertheless, the BOP declined to credit Pope for time that had already been credited to his state sentence.

Pope next sought relief in the Central District of Illinois, which granted Pope's petition in part, ordering the BOP to credit him 30 days but denying the balance of Pope's claims. However, the Seventh Circuit vacated that limited relief on appeal, concluding

5

that (1) the BOP calculated the commencement date for Pope's federal sentence incorrectly; (2) the BOP abused its discretion in denying Pope's request for retroactive designation of the state facility as the place he served his federal sentence; and (3) even so, the BOP acted within its discretion in denying Pope's request for sentence credit related to the state sentence served.

Crenshaw now seeks relief based on the conclusions reached by the Seventh Circuit in *Pope*, but his circumstances are distinguishable. *First,* Crenshaw has not raised a plausible claim for relief related to the commencement date for his federal sentence. As explained in *Pope*, under the doctrine of primary custody, an inmate's federal sentence commences only *after* the government exercises primary jurisdiction over him. *Id.* (citing *Loewe v. Cross*, 589 F. App'x 788, 789 (7th Cir. 2014); *Elwell v. Fisher*, 716 F.3d 477, 481 (8th Cir. 2013); *Binford v. United States*, 436 F.3d 1252, 1256 (10th Cir. 2006). Moreover, the general rule is that the sovereign arresting a defendant first takes primary custody of him, and that same sovereign maintains primary custody "until [it] relinquishes its priority in some way." *Id.* (citing *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005)).

Crenshaw concedes that he was arrested by Minnesota state authorities, so as of the date of his arrest, the State of Minnesota had primary custody over him. Moreover, although Crenshaw claims that he was in federal custody that day because the state court action had been dismissed, the record of those proceedings actually reveals the opposite: the charges against Crenshaw in Hennepin County were filed on October 13, 2015, and

6

that case remained open until 2017, even after Crenshaw was sentenced in federal court. Furthermore, there is evidence in Crenshaw's criminal proceedings that show the state authorities did *not* relinquish primary custody over Crenshaw in the meantime. Specifically, the December 27, 2018, letter from the BOP to Judge Schlitz confirms that Crenshaw was only in temporary federal court after the issuance of a short-term writ of habeas corpus. Accordingly, Crenshaw has created no plausible question about whether the BOP miscalculated the commencement of his federal sentence.

*Second*, Crenshaw claims that the BOP failed to designate the state facility where he was located as the place where he started serving his federal sentence. While "the BOP may designate nunc pro tunc a state prison that once housed an inmate as the place of confinement for the inmate's federal sentence," under 18 U.S.C. § 3621, effectively allowing the state and federal sentences to run concurrently, the BOP also has 'wide discretion' over that designation." *Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016). Section 3621(b) also sets forth five factors the BOP may consider in deciding requests for retroactive designation. In *Pope*, the Seventh Circuit concluded that the BOP had abused its discretion in denying Pope's request for a retroactive designation of his place of imprisonment for his federal sentence pursuant to § 3621. 889 F.3d at 417. In Pope's circumstances, however, the BOP began its analysis by noting that under 18 U.S.C. § 3584(a), "terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." *Id.* Moreover, while the BOP considered some of the five factors set forth under § 3621(b) in *Pope*, it focused on

7

§ 3621(b)(4): "any statement by the court that imposed the sentence . . . concerning the purposes for which the sentence to imprisonment was determined to be warranted . . . ." *Id.* (quoting § 3621(b)(4)). Thus, the BOP concluded that the federal sentencing court's silence meant Pope's sentence should run consecutively. On review, the Seventh Circuit concluded that drawing this inference ran afoul of the United States Supreme Court's conclusion in *Setser v. United States*, 566 U.S. 231, 239 (2012), which "explicitly prohibited the BOP from drawing this inference for defendants -- like Pope -- had not yet received their state sentence when their federal sentence was imposed." *Id.*

Crenshaw's circumstances obviously differ from Pope's because the BOP did not decide whether Crenshaw's federal sentence should run currently with or consecutive to his state sentences. Instead, the BOP asked for Judge Schlitz's input *as the sentencing judge*, whether he intended Crenshaw's federal sentence to run consecutive to, or concurrent with, any state sentence. Judge Schlitz's straightforward response removed any doubt, having clarified in his response letter that he intended for Crenshaw's federal sentence to run *consecutive* to any state sentence. Moreover, the Seventh Circuit has already held that the BOP does not abuse its discretion by contacting a sentencing court for guidance when that court was silent as to its intentions with respect to a sentence being served concurrent with or consecutive to a state sentence. *Winters v. Kallis*, 766 F. App'x 393, 395 (7th Cir. 2019). Finally, even assuming, as Crenshaw argues, that the BOP abused its discretion in ignoring his assertion that a state court judge expressed an intent to have his sentence run concurrently with a federal sentence, "a state court has no authority to order that a federal

8

sentence run concurrently to a state sentence." *Winters*, 766 F. App'x at 396 (citing *Jake v. Herschberger*, 173 F.3d 1059, 1065-66 (7th Cir. 1999)). Having deferred to the federal sentencing court's preference, there is no basis to infer that the BOP abused its discretion in denying Crenshaw's request for retroactive designation.

In light of this ruling, the court will further deny Crenshaw's motion for counsel (dkt. #10). A federal court may appoint counsel to represent a financially eligible petitioner in a federal habeas proceeding when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). *Johnson v. Chandler*, 487 F.3d 1037, 1038 (7th Cir. 2007). When ruling on requests for counsel, however, courts must consider the complexity of the case and the litigant's abilities. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Here, the court is satisfied that Crenshaw's submissions and arguments demonstrated his ability to raise his claims in his petition. Indeed, he directed the court to relevant authority and had a full understanding of the events related to custody before and after his federal sentence was imposed. Accordingly, recruiting counsel for Crenshaw would not meet the ends of justice.

ORDER

IT IS ORDERED that:

1. Petitioner Eddie Crenshaw's motion to amend his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (dkt. #6) is GRANTED and that petition (dkt. #8) is DISMISSED.

2. Petitioner's motion for appointment of counsel (dkt. #10) is also DENIED.

9

3. The clerk of court is directed to enter judgment and close this case.

Entered this 23rd day of July, 2021.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      WILLIAM M. CONLEY
                                      District Judge